THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES PAUL PORTER, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARLANE PORTER, Appellant.— Appeal by defendant James Paul Porter from a judgment of the County Court, Queens County, rendered September 22, 1959 after a jury trial, convicting him of felonious possession of marijuana with intent to sell (Penal Law, § 1751, subd. 2), and imposing sentence. Appeal by defendant Marlane Porter from a separate judgment of said court, rendered the same date after a jury trial, convicting her of unlawful possession of marijuana as a felony (Penal Law, § 1751, subd. 3), and imposing sentence. Both defendants were tried jointly. Judgments reversed on the law and the facts, and new trial granted as to both defendants. In our opinion, under the circumstances here, the admission into evidence of defendants' prior pleas of guilty to lesser crimes deprived them of a fair trial (*People* v. *Spitaleri,* 9 N Y 2d 168; *People* v. *Brady,* 14 A D 2d 575). Defendants' objections thereto were adequately preserved for appeal by their exceptions to the court's charge and by their motions in arrest of judgment. While they did not testify, they were compelled to devote the greater part of their defense to the circumstances under which their pleas were made. The prosecutor, in his summation, and the court, in its charge, emphasized the pleas which the defendants had withdrawn. That such evidence was most material, and impressed the jury, which took six hours to reach its verdict, is demonstrated by the fact that its first request was for a transcript of the proceedings at the time defendants' pleas were withdrawn. In addition, the interests of justice require a reversal of the judgments. The jury was erroneously instructed that defendant James Porter's plea of guilty to attempted violation of subdivision 3 of section 1751 of the Penal Law, and the defendant Marlane Porter's plea of guilty to violation of section 1751-a of the Penal Law, constituted confessions and admissions of the graver crimes for which they were being tried (see *People* v. *Spitaleri, supra,* p. 171; Code Crim. Pro., § 527). Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.